## Deady Estate

*John E. Perry*, for appellant.
*Jon M. Duff*, for Commonwealth.

ROSS, E. *J.*, December 19, 1979—Marilyn E. Farrant, executrix of the estate of Shirley F. Deady, has appealed from the inclusion in decedent's taxable estate for inheritance purposes of the proceeds of a group policy insuring the life of decedent's spouse, Daniel J. Deady. The appeal filed under section 1003 of the Inheritance and Estate Tax Act of June 15, 1961, P.L. 373, 72 P.S. §2485-1003, alleges that the Department of Revenue of the Commonwealth of Pennsylvania erred in its appraisal of estate property on the ground that there was no taxable transfer of property owned by decedent in the passage of the insurance proceeds to her estate beneficiaries.

The stipulated facts show that decedent died

January 5, 1977, as the result of gunshot wounds inflicted on her by her husband, Daniel J. Deady. After killing decedent, Daniel J. Deady on the same day committed suicide. Shirley Deady thus predeceased Daniel who, as an employe of the United States Steel Corporation, was insured under a group life insurance policy issued by Metropolitan Life Insurance Company in the face amount of $60,000. Shirley Deady was the named beneficiary. The policy provided that if the named beneficiary did not survive the insured, payment of the proceeds would be made to the insured's estate or, *at the option of the insurance company*, to certain relatives.

The insurance policy also provided in section 15A that if "any designated beneficiary shall predecease the employee the rights and interest of such beneficiary shall thereupon automatically terminate." Thereafter Daniel's estate or named relatives could be selected as beneficiaries.

After the death of decedent and her slayer, the insurance company paid the $60,766.74 which it might have paid to other named relatives to the estate of Shirley F. Deady under section 8811(b) of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. §8811(b). That section provides that if the proceeds of insurance on the life of a slayer are payable to the slain as beneficiary, the proceeds should be paid to the slain's estate unless some beneficiary other than the slayer is named on the policy. The beneficiaries of Shirley Deady's estate under her will are her children Daniel and Patricia Deady.

Are the proceeds of the insurance policy on the life of Daniel taxable to the estate of Shirley under the Inheritance and Estate Tax Act of June 15, 1961, supra, 72 P.S. §2485-101 et seq.?

Under section 102 of the Inheritance and Estate Tax Act of June 15, 1961, supra, 72 P.S. §2485-102, death taxes include any taxes levied against a decedent's estate by reason of his death and the terms "decedent" or "transferor" include any person from whom a transfer is made including a "testator" or an "*insured*" (subsections (7) and (8)). In the same section, subsection (17) defines "property" in part as "intangible personal property of a resident decedent or transferor." "Transfer" is the passage of ownership of property or an interest therein to a "transferee" including legatees or insurance beneficiaries (in subsections (22) and (23)).

The Inheritance and Estate Tax Act of June 15, 1961, supra, §211, 72 P.S. §2485-211, provides: "All transfers of property . . . by will or by the intestate laws of the Commonwealth, from a resident of this Commonwealth, are subject to tax under this act."

The Inheritance and Estate Tax Act of June 15, 1961, supra, §303, 72 P.S. §2485-303, exempts from taxation all insurance proceeds on *decedent's life* unless payable to decedent's estate, meaning to the estate of the insured. The policy proceeds here were paid not to the insured's estate but to the estate of the original named beneficiary although since the beneficiary was dead the insurance company could have paid to certain relatives of the insured *or* (had the insured not been a slayer) to the insured's estate.

Appellant argues the proceeds received in Shirley's estate are not taxable because there has been no transfer of any property by will or intestacy from any person dying seized or possessed of the property: Inheritance and Estate Tax Act of June 15, 1961, supra, §211, 72 P.S. §2485-211. While alive, Shirley F. Deady had no property interest in the insurance proceeds but a mere expectancy which

ended with her death. She was not seized or possessed of any property right at her death so there could be no transfer of a property interest from "a resident of this Commonwealth" to estate legatees by reason of her death. Petitioner concludes that the estate of Shirley F. Deady was a mere conduit through which the insurance proceeds passed as mandated by section 8811(b) of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. §8811(b), since payment to the insured's estate violated the Slayer's Act.

The Commonwealth urges the court to find the proceeds taxable arguing that section 303 of the Inheritance and Estate Tax Act of June 15, 1961, supra, 72 P.S. §2485-303, relating to this exemption of insurance proceeds is inapplicable. The Commonwealth further argues that since the exemption is inapplicable the court is presented with a transfer of personal property of a resident decedent by will. The Commonwealth contends that decedent, Shirley F. Deady, at the instant of her death held a property right to the insurance proceeds because as a matter of public policy, the court must find that the slayer predeceased the slain since a slayer may not profit in any way from the slaying. The transfer, says the Commonwealth, is from the estate of the slain to the estate beneficiaries.

In order for the proceeds to be taxable the interest of Shirley F. Deady (her right to the proceeds, her possession of them, her ability to direct them) must have been in force at the time of her death. This was not the case. The policy provided that the death of the beneficiary prior to the insured *terminated any right of the beneficiary* to the proceeds. Further, the Slayer's Act in the Probate, Estates and

Fiduciaries Code, §8811(b), 20 Pa.C.S.A. §8811(b), does not in this instance mandate a presumption that the slayer died first. The Commonwealth's argument in support of such presumption in this instance is misplaced. Section 8811(a) of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. §8811(a), provides that the slayer shall be deemed to have predeceased the slain as to any property to which the slayer would have been entitled as a result of the death of the slain. Therefore, if the slayer is the beneficiary in a policy on the life of the slain the presumption would apply. However, the facts before the court do not present such a situation. Rather the converse is true and the facts present a situation where the slain would have benefited from the death of the slayer. The only benefit to the insured slayer is the policy provision that his *estate* might be chosen as beneficiary if the slain predeceased him which calls into play not section 8811(a) but section 8811(b) of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. §8811(b). Clearly the slayer always had to be dead for the proceeds to be paid.

As stipulated, Shirley F. Deady, the slain, predeceased Daniel, the slayer. When she died her rights as a beneficiary terminated under the policy. Therefore, the insurance company had the option under the policy to pay the proceeds either to Daniel Deady's estate or to other named persons. It chose, consistent with section 8811(b) of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. §8811(b), to pay to the estate of decedent beneficiary, Shirley F. Deady, the proceeds which might have been paid other named beneficiaries. A transfer from Shirley F. Deady does not occur even though the funds

come into her estate because the estate had no right before payment to demand the proceeds as property of her estate.

Because Shirley Deady under the insurance contract had no property interest or right to the proceeds of the insurance at the moment of her death before the death of her husband, the later choice of her estate by the insurance company in lieu of payment to named contingent beneficiaries as the payee of the proceeds did not raise any property interest which related back to the moment of her death. It cannot be said that her property rights in the insurance proceeds were transferred by reason of her death to her testate beneficiaries.

The Commonwealth makes much of the inapplicability of the exemption set forth in section 303 of the Inheritance and Estate Tax Act of June 15, 1961, supra, 72 P.S. §2485-303, from the tax on transfers of insurance proceeds by reason of the death of the beneficiary as contrasted with the statutory language of exemption from tax on transfers of insurance proceeds by reason of the death of the insured, in which latter case the transfers are exempt unless the insured's estate is named as beneficiary.

In section 102 of the Inheritance and Estate Tax Act of June 15, 1961, supra, 72 P.S. §2485-102, the transferor-decedent for tax purposes of the insurance policy is defined as the *"insured"* not the payee of the proceeds.

There is no need to consider the effect of the exemption since the court has already found that Shirley Deady had no property right in the proceeds at her death and thus no property right therein was transferred by reason of her death to her testate heirs. There is no transfer to which the Commonwealth may apply the tax.

The appeal will be sustained.

## ORDER

And now, December 19, 1979, after argument on the appeal of the Estate of Shirley F. Deady, deceased, from the denial of protest against inheritance tax appraisement by the Commonwealth of Pennsylvania and after consideration of the oral and written arguments of counsel, it is ordered, adjudged and decreed that the appeal is hereby sustained.